IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Diamond Elite Community, LLC, | ) |
| PLAINTIFF, | ) Case No.: 8:25-cv-01312-KKM-LSG |
| v. | ) **MOTION TO DISMISS** |
| Urban Bay Financial, LLC; Urban Bay Housing Fund, LLC d/b/a Urban Bay Financial, LLC; Urban Bay Tampa Apts LLC; Caleb John Walsh d/b/a Urban Bay Financial LLC; Brittany Infield; Joshua Mance; and Joseph Hernandez | ) |
| DEFENDANTS. | ) |

COMES NOW, Defendant, **Brittany Infield**, appearing **pro se**, and pursuant to **Rule 12(b)(6)** of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to dismiss the claims asserted against her in Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

## I. INTRODUCTION

Plaintiff has named Brittany Infield as an individual defendant in this action despite her limited role as an assistant employed by one of the corporate defendants, Urban Bay Financial LLC. The Complaint fails to allege any facts establishing that Ms. Infield acted outside the scope of her employment, engaged in any independent wrongdoing, or had any personal involvement in the alleged misconduct. Accordingly, the claims against her must be dismissed.

## II. FACTUAL BACKGROUND

Defendant Brittany Infield was employed solely as an assistant with Urban Bay Financial LLC until her termination in October 2024. Her role was limited to administrative and clerical tasks performed at the direction of her supervisors. She did not draft, negotiate, authorize, or sign any

documents relevant to the allegations in the Complaint. Any email communications referenced were sent strictly within the scope of her employment and under direct instruction from management.

## III. LEGAL STANDARD

Under **Fed. R. Civ. P. 12(b)(6)**, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions or threadbare recitations of elements unsupported by factual allegations do not suffice. See *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. No Personal Wrongdoing Alleged

The Complaint does not allege that Ms. Infield personally committed any of the wrongful acts asserted. It also fails to assert that she acted outside the course and scope of her employment. In Florida, individual employees are not personally liable for acts performed on behalf of their employer unless they commit an independent tort. See *White-Wilson Med. Ctr. v. Dayta Consultants, Inc.*, 486 So. 2d 659 (Fla. 1st DCA 1986).

### B. Scope of Employment Bars Individual Liability

Florida courts routinely hold that agents or employees acting within their employment duties are not personally liable absent independent misconduct. See *Orlovsky v. Solid Surf, Inc.*, 405 So. 2d 1363 (Fla. 4th DCA 1981). Plaintiff has made no such allegation of independent tortious conduct.

### C. Clerical Emails Are Not a Basis for Liability

Any email communications cited in the Complaint were sent in a clerical capacity under direction from supervisors. Florida law makes clear that routine administrative tasks do not create personal liability. See *McElveen v. Peeler*, 544 So. 2d 270 (Fla. 1st DCA 1989).

### D. No Malicious, Fraudulent, or Willful Acts Alleged

There are no allegations that Ms. Infield acted with fraud, gross negligence, or malicious intent. See *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.*, 842 So. 2d 204, 209 (Fla. 3d DCA 2003) (a corporate agent is not liable unless they actively participate in the tort or commit fraud).

**E. Improper Joinder of Non-Liable Party**

There is no factual basis to name Ms. Infield as a party to this case. Mere employment with a defendant company does not create personal liability. See *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984).

## V. CONCLUSION

Plaintiff has failed to state a claim against Brittany Infield upon which relief can be granted. The claims are legally and factually deficient, and Ms. Infield should not be subject to litigation for actions taken solely in her capacity as an assistant.

**WHEREFORE**, Defendant **Brittany Infield**, respectfully requests this Court to:

1. **Dismiss all claims against her with prejudice**;

2. **Deny any further relief against her individually**; and

3. **Grant any other relief the Court deems just and proper.**

Respectfully submitted,
 this ___ day of _____, 2025.

/s/ *Brittany Infield*

**Brittany Infield**
**Pro Se Defendant**
[Address]
[City, State ZIP]
[Email Address]
[Phone Number]